```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MACSTEEL INTERNATIONAL USA CORP.,       :
              Plaintiff,                :
                                        :         08 Civ. 6508 (DLC)
     -v-                                :
                                        :             MEMORANDUM
M/V "LARCH ARROW", her engines,         :         OPINION AND ORDER
boilers, etc., STADT SOLINGEN,          :
GEARBULK, GEARBULK HOLDING LIMITED, and :
GEARBULK (UK) LTD.,                     :
              Defendants.               :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Lawrence C. Glynn
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street
New York, New York 10005

For Defendant Stadt Solingen:
Garth S. Wolfson
Mahoney & Keane, LLP
11 Hanover Square, Tenth Floor
New York, New York 10005

For Defendants Gearbulk, Gearbulk Holding Limited, and Gearbulk (UK) Ltd.
Jeremy J.O. Harwood
Blank Rome LLP
405 Lexington Avenue
The Chrysler Building
New York, New York 10174


DENISE COTE, District Judge:

     Plaintiff Macsteel International USA Corp. ("Macsteel") filed this admiralty action on July 22, 2008 to recover for

damages to a cargo of wire rod coils allegedly resulting from ocean transport on board the M/V Larch Arrow from China to New Orleans, Louisiana.  Defendant Stadt Solingen ("Stadt") -- owner of the vessel -- and defendants Gearbulk, Gearbulk Holding Limited, and Gearbulk (UK) Ltd. (collectively, "Gearbulk") -- the vessel's charterers -- have each moved to dismiss the complaint under Fed. R. Civ. P. 12(b) or (c) pursuant to a forum selection clause in the Bill of Lading.

The relevant clause states, "Any disputes arising under the Bill of Lading to be decided in London according to English law."  Macsteel's only opposition to the enforceability of this forum selection clause as against Gearbulk is its contention that the clause is permissive, not mandatory.  The Second Circuit addressed a clause nearly identical to this one in Phillips v. Audio Active Ltd., 494 F.3d 378, 386 (2d Cir. 2007), and found its language to be mandatory.  The clause at issue in Phillips provided that "any legal proceedings that may arise out of [the agreement] are to be brought in England."  Id.  The court concluded that "[t]he parties' use of the phrase 'are to be brought' establishes England as an obligatory venue for proceedings within the scope of the clause."  Id.  Phillips is, thus, dispositive here and requires the dismissal of Macsteel's claims against Gearbulk.

With respect only to Stadt's motion to dismiss, Macsteel also argues in the alternative that Stadt waived the forum selection clause in the Bill of Lading by later entering into a Letter of Undertaking ("LOU") that contained a different forum selection clause.[1]  This alternative argument is, however, unavailing.  Stadt's surety, SCUA Rotterdam B.V., issued the LOU on January 10, 2008.  It provides that, in consideration of Macsteel's not arresting the M/V Larch Arrow in rem, the surety guarantees up to a maximum amount of $260,000 for any judgment against Stadt in favor of Macsteel "rendered . . . by a competent court of law having jurisdiction in the matter."  The LOU also specifies that "[t]his guarantee shall be governed by the law of the Netherlands.  The undersigned and the Creditor submit to the jurisdiction of the competent court of law in Amsterdam for any disputes and claims hereunder." (Emphasis added.)  It further provides that the "guarantee is hereby given without any prejudice whatever to the question of liability or to the amount involved or to any other matter in issue."

---

[1] Macsteel makes the same argument against dismissal of defendant M/V Larch Arrow, in rem, which has not answered the complaint. Macsteel asserts that it intends to move for default against M/V Larch Arrow by Order To Show Cause.  But Macsteel's argument against dismissal of M/V Larch Arrow is unavailing for the same reasons as its argument against dismissal of Stadt.  The Court shall, therefore, sua sponte dismiss the claims against M/V Larch Arrow.

The LOU's terms plainly limit its choice of law and forum selection clause only to disputes or claims pertaining to the guarantee.  The underlying issue of liability is separate, and is to be decided "by a competent court of law having jurisdiction in the matter."  The LOU thus leaves the Bill of Lading's mandatory forum selection clause intact and does not serve as a waiver of that prior agreement.[2]  Accordingly, it is hereby

ORDERED that Stadt's November 7, 2008 motion to dismiss and Gearbulk's November 10, 2008 motion to dismiss are granted. Stadt's counterclaims against Gearbulk are dismissed without prejudice.

IT IS FURTHER ORDERED that the plaintiff's request for leave to add the surety as a party defendant in this action is denied.

IT IS FURTHER ORDERED that the Court hereby dismisses sua sponte the plaintiff's claims against defendant M/V Larch Arrow.

---

[2] Uniwire Trading LLC v. M/V Wladyslaw Orkan, No. 07 Civ. 3427, 2008 WL 2627140, at *2 (S.D.N.Y. June 30, 2008), upon which Macsteel relies, is inapposite.  In the LOU at issue in that case, the surety agreed "[t]o file or cause to be filed a claim of owner of the [vessel] in the event suit is commenced in the United States District Court for the Southern District of New York," and further "that the United States District Court for the Southern District of New York is the proper venue for said action."  Id. at *1.  The defendants acknowledged that this clause conveyed jurisdiction for the in rem action.  Id. at *2. No such language is contained in the LOU in this case, nor does Stadt's LOU anywhere refer to the Southern District of New York.

    IT IS FURTHER ORDERED that the Clerk of Court shall close the case.

    SO ORDERED:

Dated:    New York, New York
           December 15, 2008

                                      DENISE COTE
                          United States District Judge